# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY ___KP___ D.C.

**Jun 15, 2022**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 15, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 21-12229-GG
Case Style: Gio Pizzeria & Bar Hospitality, LLC, et al v. Certain Underwriters at Lloyd's
District Court Docket No: 0:20-cv-61741-RS

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the
# United States Court of Appeals
### For the Eleventh Circuit

_____

No. 21-12229

_____

GIO PIZZERIA & BAR HOSPITALITY, LLC,
individually and on behalf of all others similarly situated,
GIO PIZZERIA BOCA, LLC,
individually and on behalf of all others similarly situated,

                                                  Plaintiffs-Appellants,

*versus*

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBERS ARP-74910-20 AND ARP-75209-20,

                                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61741-RS

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: May 17, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12229

Non-Argument Calendar

_____

GIO PIZZERIA & BAR HOSPITALITY, LLC,
individually and on behalf of all others similarly situated,
GIO PIZZERIA BOCA, LLC,
individually and on behalf of all others similarly situated,

                                  Plaintiffs-Appellants,

*versus*

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING
TO POLICY NUMBERS ARP-74910-20 AND ARP-75209-20,

                                  Defendant-Appellee.

2              Opinion of the Court              21-12229

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61741-RS

_____

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants GIO Pizzeria & Bar Hospitality, LLC and GIO Pizzeria Boca, LLC appeal the district court's dismissal of its Second Amended Complaint for failure to state a plausible claim for insurance coverage. After careful review, we affirm.

Plaintiffs own and operate two properties, a bar and restaurant in Coral Springs, Florida and a bar and restaurant in Boca Raton, Florida. Plaintiffs purchased all-risk commercial insurance policies from Defendants-Appellees Certain Underwriters at Lloyd's, London to insure those properties. Following the suspension of business operations due to the COVID-19 pandemic and government closure orders, Plaintiffs sought coverage for losses and expenses under these provisions of its policies: (1) Business Income; (2) Extra Expense; and (3) Civil Authority. After Defendants denied coverage, Plaintiffs sued Defendants for declaratory relief and breach of contract of those provisions, alleging that Defendants failed to pay for the covered losses under those provisions. Those provisions require direct physical loss or damage to the property.

Case 0:20-cv-61741-RS   Document 61   Entered on FLSD Docket 06/15/2022   Page 6 of 9
USCA11 Case: 21-12229   Date Filed: 05/17/2022   Page: 3 of 4

21-12229               Opinion of the Court                3

The district court granted Defendants' motion to dismiss because Plaintiffs failed to allege the property suffered any direct or physical loss as required by the policies' provisions. On appeal of the district court's dismissal of Plaintiffs' Second Amended Complaint,[1] Plaintiffs argue that the district court misinterpreted the phrase "direct physical of or damage to property" by requiring only physical damage, i.e., a tangible harm.

Even though "[t]here are no Florida decisions interpreting an all-risk commercial insurance policy providing coverage for 'direct physical loss of or damage to' property or 'direct physical loss or damage to' property in the context of the COVID-19 pandemic," we recently held that physical loss or damage requires "some tangible alteration of the property." *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, No. 20-14812, -- 4th --, 2022 WL 1421414, at *7–8 (11th Cir. May 5, 2022). "There is therefore no coverage for loss of use based on intangible and incorporeal harm to the property due to COVID-19 and the closure orders that were issued by state and local authorities even though the property was rendered temporarily unsuitable for its intended use." *Id.* at *8.

Because coverage under Plaintiffs' policies requires direct physical loss or damage to the covered property, and the losses here resulted from the intangible harm caused by COVID-19, Plaintiffs' claimed losses and expenses are not covered under the

---

[1] We review de novo a district court's dismissal of a complaint for failure to state a claim. *McGroarty v. Swearingen*, 977 F.3d 1302, 1306 (11th Cir. 2020).

| 4 | Opinion of the Court | 21-12229 |
|---|---|---|

policies.[2] Thus, we affirm the district court's dismissal of Plaintiffs' Second Amended Complaint.

**AFFIRMED**

---

[2] Further, as the district court correctly noted, the Civil Authority Provision requires damage to other property outside of Plaintiffs' property to apply. The closure orders did not respond to damage to property surrounding Plaintiffs' facilities but to address a public health crisis.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 17, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-12229-GG
Case Style: Gio Pizzeria & Bar Hospitality, LLC, et al v. Certain Underwriters at Lloyd's
District Court Docket No: 0:20-cv-61741-RS

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joseph Caruso, GG at (404) 335-6177.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs